**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: SHAMROCK MARINE, LLC                    CIVIL ACTION

                                               NO. 26-85

                                               SECTION: N

**ORDER AND REASONS**

Before the Court is Limitation Petitioner Shamrock Marine, LLC's Motion to Dismiss Claims of Khadijah Franklin, on behalf of her minor child KF and minor child MB.[1] Claimant Khadijah Franklin has filed a Certificate of No Opposition confirming that she does not oppose dismissal of those claims because the Motion does not pertain to, and has no effect on, her claims asserted in her alleged capacity as personal representative of the Estate of Devonte Javon Gremillion.[2]

## I.      Factual Background

This limitation action arises from an incident on December 5, 2025, in which Devonte Javon Gremillion, a deckhand aboard the M/V DEUCE ARMENTOR, lost his life.[3] Khadijah Franklin filed an Answer and Claim in her alleged capacity as personal representative of Gremillion's estate.[4] In the same filing, Franklin also purports to assert claims on behalf of two minor children, identified as KF (alleged to be her own child and the natural child of the decedent) and MB (alleged only as the

---

[1] R. Doc. 6.
[2] R. Doc. 13.
[3] R. Doc. 1 at p. 3 ¶ 8.
[4] R. Doc. 5 at p. 4.

"minor child" of the decedent, with no allegations that Franklin is MB's parent, guardian, or authorized representative).[5]

Shamrock Marine moves to dismiss only the claims asserted by Franklin on behalf of KF and MB, under Federal Rule of Civil Procedure 12(b)(6), leaving Franklin's claim as personal representative unchallenged.[6]

## II.    Law and Analysis

Federal Rule of Civil Procedure 17(a)(1) requires that "an action must be prosecuted in the name of the real party in interest." A challenge to a claimant's capacity to sue may be properly raised and resolved under Rule 12(b)(6).[7]

Under the Jones Act, the cause of action for a seaman's wrongful death or survival claim is vested exclusively in the court-appointed personal representative of the decedent's estate; beneficiaries, including the decedent's children, are not real parties in interest and may not independently prosecute such a claim.[8] This limitation does not extinguish a beneficiary's underlying interest; rather, it channels prosecution of the claim through a single representative, who holds any recovery in trust for the beneficiaries.[9] A beneficiary who is inadequately represented by the

---

[5] *Id.* at pp. 4, 6.

[6] R. Doc. 6 at p. 1.

[7] *See, e.g.*, *In re Am. River Transp. Co.*, No. 20-1327, 2021 WL 5029441, at *2 (E.D. La. Sept. 29, 2021).

[8] *See* 46 U.S.C. § 30104(a) ("A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer."); *Calton v. Zapata Lexington*, 811 F.2d 919, 921 (5th Cir. 1987) ("The Jones Act authorizes a cause of action for the wrongful death of a seaman, to be brought by the personal representative of such seaman." (quotation omitted)).

[9] *Calton*, 811 F.2d at 922 ("The personal representative holds any recovery in trust for the beneficiaries named in the Act.").

representative (e.g., where a conflict of interest exists) is not without recourse, but must proceed by intervention under Federal Rule of Civil Procedure 24.[10]

Franklin's Answer and Claim asserts causes of action on behalf of KF and MB directly,[11] without any Rule 24 motion or other procedural vehicle establishing their independent capacity to appear. Because KF and MB are not real parties in interest with respect to the wrongful death and survival claims asserted, the claims purportedly brought on their behalf fail to state a claim upon which relief can be granted in that posture.

In the light of Franklin's Certificate of No Opposition[12] and the foregoing analysis, dismissal of the claims purportedly brought on behalf of KF and MB is warranted.

## III.   Conclusion

**IT IS ORDERED** that Shamrock Marine, LLC's Motion to Dismiss[13] is **GRANTED**. Franklin's claims asserted on behalf of her minor child KF and the minor child MB, as pled in her own Answer and Claim, are **DISMISSED WITH PREJUDICE**. This dismissal shall neither prejudice the interests of KF and MB as statutory beneficiaries nor the right of any properly authorized representative of KF or MB to seek intervention under Rule 24.

---

[10] *Id.* at 921 ("This Court and others have recognized that Jones Act beneficiaries can intervene in the personal representative's suit if a conflict of interest exists." (first citing *Smith v. Clark Sherwood Oil Field Contractors*, 457 F.2d 1339, 1343-45 (5th Cir.), *cert. denied*, 409 U.S. 980 (1972); then citing *Petition of Sandra & Dennis Fishing Corp.*, 209 F.Supp. 835 (D. Mass. 1962); and then citing *In re Risdal & Anderson, Inc.*, 266 F.Supp. 157 (D. Mass. 1967))).

[11] R. Doc. 5 at p. 4.

[12] R. Doc. 13.

[13] R. Doc. 6.

New Orleans, Louisiana, this 27th day of July, 2026.

**ANNA ST. JOHN**
**UNITED STATES DISTRICT JUDGE**